Baer, J.
There are two motions which will be considered together. They seek the same relief and both actions are *1078 similar except that they are based on two different notes, each for $5,000.
In both complaints the first cause of action is on the note; the second cause of action is on the indorsement of the individual Shriro; and the third cause of action is based on the fraud and misrepresentation of the defendant Dmitrovsky Bros. Inc. The latter has pleaded over against the broker in the transaction, Cohen-Manheimer Corp.
The motions seek removal of the cases from the Commercial Jury Calendar to the Tort Jury Calendar of this court.
While there do not seem to be any reported cases on this subject, the courts have consistently held that by combining counts in contract with one sounding in tort, plaintiff forfeits his right to have the case remain on the Commercial Calendar (Daspin v. Chelsea Madison Corp., N. Y. L. J., Dec. 19, 1950, p. 1637, col. 1). Justice Coleman of this court so stated in a similar situation where plaintiff’s complaint had two counts in contract and a third cause of action against the agent alone, in tort for alleged fraud of that defendant.
Also see the many cases in the Supreme Court of this county. (Heller v. Hotel Riverside Plaza, N. Y. L. J., June 27, 1955, p. 4, col. 7; Dieckmann v. Rimberg, N. Y. L. J., May 22, 1953, p. 1728, col. 3; Denver-Chicago Trucking Co. v. Oldbury Electro-Chem. Co., N. Y. L. J., June 18, 1953, p. 2049, col. 4.)
Buie Il-a of the City Court of the City of New York Buies requires notation on the note of issue designating the classification of the cause of action. Failure to note the fraud classification and only noting the promissory note classification caused the calendar clerk to place this cause on the Commercial Calendar. This was error and would not have occurred if both classifications had been affixed to the note of issue.
The motions are granted. Let the moving party serve a copy of this order upon the calendar clerk, who will give the case such calendar position as it would have had if the note of issue had originally been filed for the Tort Jury Calendar. Order filed.